IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
JAN 29 2016

SOUTHERN COAL CORPORATION,

    Plaintiff,

v.

IEG PTY, LTD,

INTERMARINE, LLC,

BBC CHARTERING & LOGISTIC GMBH & CO. KG,

    and

MS "ANITA" KAI FREESE

    Defendants.

CIVIL NO. 2:14cv617

## OPINION AND ORDER

This matter comes before the Court upon the filing of "Southern Coal's Motion for Reconsideration of Order Granting BBC's Motion to Dismiss" by Southern Coal Corporation ("Southern"). ECF No. 148. For the reasons stated herein, the Court **DENIES** Southern's motion. ECF No. 148.

### I. FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case have previously been fully outlined in the Court's Order dated December 4, 2015 ("December Order"). ECF No. 142. Following the entry of the Court's December Order, on December 29, 2015, Southern filed the instant motion ("Reconsideration Motion") requesting reconsideration of the December order's dismissal of BBC Chartering & Logistic GmbH & Co. KG ("BBC"). ECF No. 148. BBC filed its opposition to Southern's motion on January 12, 2016. ECF No. 150. On January 13, 2016, Southern *filed a*

related motion requesting hearing of its motion for reconsideration. ECF No. 151. On January 19, 2016, Southern replied to BBC's Opposition. ECF No. 152. These motions are now ripe.

## II. STANDARD OF REVIEW

Southern has moved for reconsideration under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The resolution of motions to reconsider pursuant to Rule 54(b) is at the discretion of the district court and may be exercised "as justice requires." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003).

Although the United States Court of Appeals for the Fourth Circuit in its opinion on Am. Canoe Ass'n made clear that the standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion, many courts in this circuit have appropriately considered those factors in guiding the exercise of their discretion under Rule 54(b).[1] Thus, courts generally do not depart from a previous ruling unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Am. Canoe Ass'n, 326 F.3d at 515 (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). Such problems "rarely arise and the motion to reconsider should be equally

---

[1] See, e.g., TomTom, Inc. v. AOT Sys. GmbH, 17 F. Supp. 3d 545, 546–47 (E.D .Va. 2014); Al Shimari v. CACI Intern., Inc., 933 F. Supp.2d 793 (E.D. Va.2013); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va 1983).

rare." TomTom, Inc. v. AOT Sys. GmbH, 17 F. Supp. 3d 545, 546–47 (E.D. Va. 2014) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va 1983)).

A motion for reconsideration is "an extraordinary remedy which should be used sparingly." Zaklit v. Global Linguist Solutions, 2014 WL 4161981, at *1–2 (E.D. Va. Aug. 19, 2014) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998)). Generally, "[c]ourts do not entertain motions to reconsider which ask the Court to 'rethink what the Court had already thought through—rightly or wrongly.'" McAfee v. Boczar, 2012 WL 2505263, at *1–3 (E.D. Va. June 28, 2012) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va 1983)).

### III. ANALYSIS

In its Motion to Reconsider, Southern fails to identify any change in applicable law or pertinent facts since the entry of this Court's December Order. Instead, Southern asks the court to reconsider its application of Norfolk S. Ry. v. Kirby, 543 U.S. 14 (2004) to the case. Specifically, Southern asserts that the circumstances addressed in Kirby are dissimilar to those present between Southern and BBC. ECF No. 149. Based on this, Southern argues the Court has committed a "clear error of law and a misapprehension of the facts." ECF No. 152 at 3. Southern in its filings goes so far as to claim that the Court's application of Kirby,

> is not merely permitting BBC to enjoy the benefit of the liability limitation provision contained in the Freese Booking Note/First Bill of Lading. Instead, this Court is fashioning a new rule that permits carriers like Freese to form entirely new contracts of carriage containing whatever terms they find useful to achieving their own ends and then binding a shipper that had nothing to do with that new contract to those terms that shipper specifically wanted to avoid.

ECF No. 149 at 7. Southern, however, has misunderstood the Court's ruling in the December Order.

3

As the December Order clearly states as the only holding related to holdings of Kirby, "BBC may rely on the enforceability of the Second Bill of Lading and the liability limitations of the Second Bill of Lading." ECF No. 142 at 6. BBC's ability to rely upon the liability limitations in the Second Bill of Lading, on the basis that it had contracted with an intermediary in possession of the cargo, only governs the claim against BBC. Such reliance is clearly in accordance in with the ruling in Kirby where the Supreme Court in restating the holding of Great N. R. Co. v. O'Connor, "because the intermediary had been 'entrusted with goods to be shipped by railway, and, nothing to the contrary appearing, the carrier had the right to assume that [the intermediary] could agree upon the terms of the shipment.'" 543 U.S. at 34 (quoting Great Northern, 232 U.S. 508, 514 (1914)).

Whether or not the intermediary had the authority to enter into such a contract has not in any way been determined and is far better taken up with Southern's claims against the intermediary. Additionally, if the intermediary had the authority to contract with a secondary carrier any gaps between the liability limitations would fall to the intermediary rather than to BBC. This is exactly the approach suggested by the Supreme Court in Kirby where the Court held, "It seems logical that [the intermediary]—the only party that definitely knew about and was party to both of the bills of lading at issue here—should bear responsibility for any gap between the liability limitations in the bills." Kirby, 543 U.S. at 35.

This Court finds no clear error of law in its previous ruling dismissing BBC. BBC had the right to rely upon the Second Bill of Lading's liability limitations including the one time-bar of the Carriage of Goods by Sea Act (COGSA) which was applied by contract. As such, Southern's claim against BBC was time-barred as Southern brought suit more than one year after receipt of the goods. Accordingly, the Court **DENIES** Southern's motion. ECF No. 148.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 29, 2016